[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10393
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20014-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CUETO,
a.k.a. Feliper Martin,
a.k.a. Carlos Rivera,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Jose Cueto appeals the district court's denial of his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  Background

In 2004, federal authorities ("the Government") prosecuted Defendant on a drug trafficking charge and a related firearm possession charge.  After being approached by a confidential informant about committing a narcotics-related armed robbery, Defendant met with an undercover police officer who was posing as a disgruntled drug courier.  At this meeting, Defendant expressed his willingness, together with a group of his associates, to rob a purported stash house where the undercover officer had planned to deliver 30 kilograms of cocaine.  Subsequently, on the day the cocaine was supposed to be delivered, Defendant and his cohorts arrived at the place they understood to be the stash house, where they were arrested.  Having been led to believe that the occupants of the stash house were armed, Defendant and his group obviously came ready for the anticipated encounter, because they possessed numerous loaded weapons and flex cuffs at the time of their arrest.

Defendant pled guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine and possession of a firearm during and in relation to a crime of violence and drug trafficking crime, in violation of 21 U.S.C.

§§ 841(a)(1) and 846, and 18 U.S.C. § 924(c)(1)(A)(i), respectively. The probation office subsequently prepared Defendant's Presentence Investigation Report ("PSR"). Because Defendant's offense involved at least 15 kilograms, but less than 50 kilograms of cocaine, Defendant's base offense level was 34. After a three-level reduction for acceptance of responsibility, Defendant's total offense level was 31. Based on Defendant's prior convictions for retail theft, burglary of a structure, and grand theft, and on the fact that he had committed the present offense while on probation, he qualified for a criminal history category of III. With a total offense level of 31 and a criminal history category of III, Defendant's guideline range was 135 to 168 months' imprisonment for his drug trafficking charge. He was also subject to a 60-month consecutive term of imprisonment for his possession of a firearm charge. The district court sentenced Defendant to 135 months' imprisonment as to the drug trafficking charge and to a consecutive 60-month sentence as to the firearm possession charge, resulting in a total sentence of 195 months' imprisonment.

In November 2014, Defendant filed a *pro se* motion for a sentence reduction, asserting that he was entitled to a two-level reduction under Amendment 782 of the Sentencing Guidelines, which reduced his guideline range for the drug trafficking charge to 108 to 135 months. The Government agreed that Amendment 782 applied, but noted that, as a practical matter, it only reduced Defendant's

3

effective guideline range to 120 to 135 months, in light of the 120-month mandated statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A) (providing a 120-month mandatory minimum for offenses involving 5 or more kilograms of cocaine). Further, although acknowledging the court's discretion to reduce Defendant's sentence, the Government urged it not to do so, given the violent nature of Defendant's offense and his post-sentencing conduct.

In a supplement to Defendant's *pro se* motion, the Federal Public Defender argued that the district court should reduce Defendant's drug trafficking sentence to 120 month's imprisonment (resulting in a total sentence of 180 months' imprisonment because of the 60-month consecutive sentence for his firearm offense). The Defender argued that such a sentence reduction was warranted because (1) the district court, aware of the circumstances of the offense, had previously sentenced Defendant to the low end of the guideline range; (2) the purported aggravated circumstances of the case were illusory because, in this sting operation, there had been no actual drug dealers to rob; and (3) Defendant's post-sentencing conduct showed that he was "committed to achieving the rehabilitative goals of the sentencing guidelines."

The district court denied Defendant's motion for a sentence reduction. Albeit acknowledging that Amendment 782 lowered Defendant's sentencing range, the court's consideration of the 18 U.S.C. § 3553(a) factors led it to conclude that a

4

sentence reduction was not warranted.  In explaining its rationale, the court specifically noted the potentially violent nature of the offense conduct, the need to protect the public from future crimes by Defendant, and Defendant's post-sentencing conduct.

## II. Discussion

We review *de novo* a district's court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  Where a defendant is eligible for a § 3582(c)(2) sentence reduction, we review a district court's decision to grant or deny a sentence reduction for abuse of discretion.  *Id.* at 1368 n.1.

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Amendment 782, which is listed in § 1B1.10(d) and which became effective November 1, 2014, reduced by two levels the base offense level for most drug offenses.  *See id.* § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended guidelines. *See id.* After the court has calculated the new guidelines range, the court must then "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781; *see also United States v. Vautier,* 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2)] is unambiguously discretionary."). In exercising this discretion, the court should consider the § 3553(a) factors.[1] *Bravo*, 203 F.3d at 781. The court shall also consider the nature and seriousness of the danger to any person or community that may be posed by a reduction, and the court may consider the defendant's post-sentencing conduct. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

Here, it is undisputed that Defendant is eligible for a § 3582(c)(2) sentence reduction because Amendment 782 lowered Defendant's advisory guideline range

---

[1]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

6

as to the drug trafficking offense to 120 to 135 months' imprisonment. *See* U.S.S.G. § 1B1.10(a)(1) and (d). However, we discern no abuse of discretion in the district court's decision to deny Defendant's motion for a sentence reduction. While the district court did not explicitly discuss all of the § 3553(a) factors, the record reflects that the district court properly considered the applicable factors. *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (stating that the district court is not required to articulate the applicability of each factor as long as the record as a whole demonstrates that the pertinent factors were taken into account). The district court expressly cited its concerns about the violent nature of Defendant's offense and the need to protect the public, both of which are § 3553(a) factors. *See* 18 U.S.C. § 3553(a).

Contrary to Defendant's argument, no authority supports his proposition that the district court should not have considered the nature of his offense and criminal history in deciding the § 3582(c)(2) motion, merely because the court's consideration of these same matters at his original sentencing had resulted in a sentence at the low end of the advisory guideline range. Moreover, we discern no abuse of discretion in the district court's determination that the violent nature of Defendant's intended offense disfavored a sentence reduction. While Defendant argues that he would have been unable to wreak any violence on non-existent armed drug dealers, Defendant was unaware that this was a sting operation, and he

7

and his criminal cohorts arrived fully armed and ready to shoot the drug dealers whom they planned to rob.

Finally, the district court did not abuse its discretion in its evaluation of Defendant's post-sentencing conduct. While Defendant has arguably attempted to better himself while incarcerated, by completing educational courses and working in the textile and sewing facility, his post-sentencing conduct is not without blemish. Defendant's prison disciplinary record reveal that he has committed multiple violations, including possessing a hazardous tool, possessing a cell phone, refusing to obey an officer's order, and getting into an altercation with another inmate.

In short, the district court did not abuse its discretion in denying Defendant's § 3582(c)(2) motion for a sentence reduction. Therefore, we affirm the court's denial of Defendant's § 3582(c)(2) motion.

**AFFIRMED.**

8